UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 15, 2017

LETTER TO COUNSEL

RE: *Melissa Renee Garback v. Commissioner, Social Security Administration*;
Civil No. SAG-15-145

Dear Counsel:

Frederick A. Raab, Esq. has filed a motion for attorneys' fees pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 406(b), in conjunction with his representation of Melissa Renee Garback before this Court. (ECF No. 19). In response, the Commissioner asked the Court to consider whether Mr. Raab's requested amount constitutes a reasonable fee. (ECF No. 21). I have considered those filings, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Mr. Raab's motion for attorney's fees is GRANTED.

In this case, according to an affirmation submitted by Mr. Raab's co-counsel, Charles E. Binder, Esq., Ms. Garback was awarded past due benefits, twenty-five percent of which, $15,715.00, was withheld to pay attorneys' fees in an amount approved by this Court. (ECF No. 19-6). Mr. Raab's motion reflects that counsel only seek a fee award of $8,800.00, despite the fact that they would be contractually entitled to request a higher fee. Counsel have not received any attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), because the previously awarded EAJA fees were completely offset to satisfy Ms. Garback's pre-existing federal debt. (ECF No. 19-1).

The SSA authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means for by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In this case, counsel and Ms. Garback entered into a contingent fee agreement, by which Ms. Garback agreed to pay counsel twenty-five percent of all retroactive benefits to which she might become entitled. (ECF No. 19-3). Ms. Garback submitted an itemized report documenting the 25.70 hours counsel expended before this Court in her case. (ECF No. 19-5). Three attorneys billed time to the case, all of whom have at least twenty years of relevant legal experience. (ECF No. 19-1). Dividing the requested fee of $8,800.00 by the 25.70 hours billed results in an average hourly rate of $342.41, which is well within, and even on the lower end, of the hourly rate that is presumptively reasonable for attorneys of their experience level pursuant to the

guidelines appended to the Local Rules of this Court.[1]  Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals.  *See*, *e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490, at *2 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.70); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Colvin*, Civil No. SAG-12-2160, (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14).  Thus, there is no question that the requested fee in this case is reasonable and should be approved.

For the reasons set forth herein, Mr. Raab's motion for attorneyss fees (ECF No. 19) will be GRANTED for $8,800.00.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[1] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorneys' fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case.  *See* Loc. R. App'x B (D. Md. 2016).  For attorneys admitted to the bar for twenty years or more, the presumptively reasonable hourly rate is between $300.00 and $475.00 per hour.  *Id.*